IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.   09-cv-00224-MSK-MJW

SCOTT FIRTH,

Plaintiff,

v.

JONI SHOEMAKER, et al.,

Defendant.

_____

RECOMMENDATION ON
THE PRO SE INCARCERATED PLAINTIFF'S MOTION FOR PRELIMINARY
INJUNCTION AND TEMPORARY RESTRAINING ORDER
(DOCKET NO. 29)

_____

Entered by Magistrate Judge Michael J. Watanabe


        This matter is before the court on the Pro Se Incarcerated Plaintiff's Motion for

Preliminary Injunction and Temporary Restraining Order (docket no. 29).  The court has

reviewed the motion and the response (docket no. 32) thereto.  In addition, the court

has taken judicial notice of the court's file and has considered applicable Federal Rules

of Civil Procedure and case law.  The court now being fully informed makes the

following finding of fact, conclusions of law and recommendation.

FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.      That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.      That venue is proper in the state and District of Colorado;

3.      That each party has been given a fair and adequate opportunity to be heard;

4.      That in the subject motion (docket no. 29), the Pro Se Incarcerated Plaintiff claims that on July 27, 2009, his status with the Sex Offender Treatment and Monitoring Program (SOTMP) was changed from being on "probation" to being on "notice". The Pro Se Incarcerated Plaintiff requests that his court issue a temporary restraining order and preliminary injunction requiring that Defendants cease placing the Pro Se Incarcerated Plaintiff on either "probation" or "notice" status with the SOTMP. He further requests that the Defendants stop pressuring him into confessing violations of the Code of Penal Discipline or the sexual fantasies that he has had in the past;

5.      That whether an injunction should issue is a matter committed to the sound discretion of the trial court. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 468 (10th Cir. 1992), *cert denied*, 510 U.S. 830 (1993);

2

6.      That according to the Tenth Circuit:

A movant is entitled to a preliminary injunction if he can establish

the following:  (1) a substantial likelihood of success on the merits

of the case; (2) irreparable injury to the movant if the preliminary

injunction is denied; (3) the threatened injury to the movant

outweighs the injury to the other party under the preliminary

injunction; and, (4) the injunction is not adverse to the public

interest. . . .  Because "a preliminary injunction is an extraordinary

remedy, the right to relief must be clear and unequivocal." . . .


For some requested preliminary injunctions, a movant has

an even heavier burden of showing that the four factors

listed above weigh heavily and compellingly in movant's

favor before such an injunction may be issued. . . .  The

heightened burden applies to preliminary injunctions that (1)

disturb the status quo, (2) are mandatory as opposed to

prohibitory, or (3) provide the movant substantially all the

relief he may recover after a full trial on the merits.

Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001);

7.      That prison management functions should be left to the board

discretion of prison administrators to enable them to manage

prisons safely and effectively.  Meachum v. Fano, 427 U.S. 215

(1976).  Courts should grant injunctive relief involving the

3

management of prisons only under exceptional and compelling circumstances. <u>Taylor v. Freeman</u>, 34 F.3d 266, 269-70 & n.2 (4th Cir. 1994); <u>Citizens Concerned for Separation of Church & State v. Denver</u>, 628 F.2d 1289, 1299 (10th Cir. 1980); and,

8.  That the Pro Se incarcerated Plaintiff has failed to show in his moving papers that he has a substantial likelihood of success on the merits and he has further failed to demonstrate in his moving papers that he will suffer irreparable injury.

RECOMMENDATION

WHEREFORE, based upon these finding of fact and conclusions of law this court RECOMMENDS:

1.  That the Pro Se Incarcerated Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (docket no. 29) be DENIED;

2.  That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written specific objections**

4

**WILL PRECLUDE the party from a *de novo* determination by the District Judge,**

**United States v. Raddatz, 447 U.S. 667, 676-83 (1980), and also WILL PRECLUDE**

**appellate review of both factual and legal questions, Talley v. Hesse, 91 F.3d**

**1411, 1412-13 (10th Cir. 1996).**

Done this 25th day of September 2009.

BY THE COURT

S/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE